IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY MARTIN,                           )
                                       ) Civil Action
            Petitioner                 ) No. 12-cv-01158
                                       )
       vs.                             )
                                       )
SUPERINTENDENT ROZUM,                  )
THE DISTRICT ATTORNEY OF               )
    THE COUNTY OF PHILADELPHIA and     )
THE ATTORNEY GENERAL OF                )
    THE STATE OF PENNSYLVANIA,         )
                                       )
            Respondents                )

O R D E R

NOW, this 9th day of September, 2013, upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition is dated February 28, 2012 and was filed on March 5, 2012[1]; upon consideration of the Response to Petition for Writ of Habeas Corpus, which response was filed July 12, 2012; upon consideration of the Reply to Commonwealth Response Brief, which reply was filed July 30, 2012; upon consideration of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed April 30, 2013; it appearing that as of the date of this Order no objections have been filed to the Report and

---

[1] Petitioner's habeas corpus motion was filed by the Clerk of Court on March 5, 2012. However, the motion itself indicates that it was signed by petitioner on February 28, 2012. Thus, giving petitioner the benefit of the prison mailbox rule, (See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts), I consider February 28, 2012 the filing date of Mr. Martin's habeas corpus motion.

Recommendation of Magistrate Judge Rapoport[2]; it further appearing after review of this matter that Magistrate Judge Rapoport's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that Magistrate Judge Rapoport's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that the petition for habeas corpus relief is dismissed without an evidentiary hearing and without prejudice to re-file within the applicable statute of limitations after exhausting all of his claims in the proceedings pursuant to Pennsylvania's Post Conviction Relief Act have concluded.[3]

---

[2] By Order dated May 9, 2013 and filed May 10, 2013, I granted petitioner's motion for an extension of time to file objections and gave him until June 3, 2013 to file objections to the Report and Recommendation. However, as of the date of this Order, petitioner has not filed any objections.

[3] Petitioner currently has a Pennsylvania Post Conviction Relief Act ("PCRA") petition pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (<u>See</u> CP-51-CR-1302354-2006). In petitioner's Reply to Commonwealth Response Brief, he requests that a "stay and abeyance" procedure is appropriate until his PCRA proceedings have concluded. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

However, stay and abeyance is available only in limited circumstances, such as where dismissal of a habeas corpus petition "could jeopardize the timeliness of a collateral attack." <u>Crews v. Horn</u>, 360 F.3d. 146, 152 (3d Cir. 2004). However, pursuant to 28 U.S.C. § 2244(d)(2) the one-year limitations period for filing a habeas corpus petition is tolled while a "properly filed application for State post-conviction or other collateral review" is pending.

Here, respondents acknowledge that petitioner's pending PCRA petition was timely filed, and that he may obtain federal review of his claims after exhausting available state-court remedies (assuming he subsequently files his petition within the applicable limitations period). (<u>See</u> Response to Petition for Writ of Habeas Corpus, page 9).

(<u>Footnote</u> 3 continued):

-2-

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

　　Therefore, and because defendant has not filed objections to the Report and Recommendation, petitioner's habeas corpus motion is dismissed without prejudice to re-file within the applicable statute of limitations after exhaustion of state court proceedings.